865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeff David TURNER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1222.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jeff David Turner appeals a district court judgment affirming the Secretary's denial of his application for supplemental security income. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Turner worked as a welder, dye-caster, and as a truck tire-changer. His medical conditions, among other less serious ailments, are lung disease, silicosis and heart disease. The administrative law judge found that Turner retained the residual functional capacity to participate in activity requiring light exertion. He also decided that Turner had acquired skills transferable to light welding jobs and noted that there are a significant number of light welding positions available which Turner could perform. Thus, he determined that Turner was not disabled and was not entitled to benefits. The appeals council affirmed the denial of benefits.
 
 
 3
 Thereafter, Turner filed in the district court a petition for review of this denial. Upon de novo review of the magistrate's report and recommendation and Turner's objections, the district court decided that the administrative law judge correctly found that Turner was not disabled for purposes of the Social Security Act, and that a careful review of the entire administrative record disclosed such relevant evidence as a reasonable mind might accept as adequate to support the administrative law judge's decision. Turner then filed this appeal.
 
 
 4
 The standard of review in this case is whether the Secretary's decision is supported by substantial evidence. See Richardson v. Perales, 402 U.S. 387 (1971). Upon consideration, we conclude that there is substantial evidence in the record to support the Secretary's determination that Turner retained the residual functional capacity for light work notwithstanding his insignificant medically established impairments.
 
 
 5
 Turner retains the residual functional capacity to participate in activity requiring light exertion. While Turner had numerous complaints concerning myriad medical conditions, it is clear from the overall record that his complaints are unsupported by objective medical evidence. Turner complained of episodic abdominal pain. An ultrasonic scan performed in December 1983 indicated the presence of gall stones, and later that month Turner underwent a cholecystectomy. Subsequent tests were substantially normal. Abdominal x-rays conducted in May 1984 were normal and showed minimal spinal scoliosis. A September 1984 ultrasonic scan revealed a generous-sized pancreas with no cystic lesions. A July 1985 CT scan of the abdomen showed no apparent abnormality of the pancreas.
 
 
 6
 Turner also complained of shortness of breath and chronic cough. However, Turner's September 1985 pulmonary function test results were "entirely normal." In October 1985 Turner stated that he gets short of breath when he jogs more than two blocks or works quickly. The doctor concluded that Turner's breathing difficulty resulted from being out of shape for this type of activity. Further, he noted that Turner smoked cigarettes.
 
 
 7
 Turner complained of multiple joint and extremity pain. However, the December 1983 x-rays of Turner's right ankle were normal. Dr. Byron concluded that Turner had arthritis in his left knee and other joints, but that this did not significantly restrict his range of motion. In July 1984 x-rays of Turner's elbows showed a hypertrophic spur formation but no evidence of bone destruction. In December 1984 after Turner suffered a fall, x-rays showed no fractures or dislocations, although he was diagnosed as having contusions and abrasions. On November 3, 1985, x-rays of the left shoulder showed no evidence of fracture or dislocation.
 
 
 8
 Further, Dr. James concluded that Turner's pain was not cardiac in origin but related to chest wall pain. The physicians at the VA hospital also agreed that the chest pain was not cardiac in origin. The most convincing evidence to support this conclusion is Turner's November 1985 cardiac catheterization, which was normal.
 
 
 9
 Moreover, although Turner is an alcoholic, this condition is in remission and he has not had a drink since 1983. There is absolutely no evidence in the medical record to support Turner's claim of itching all over his body.
 
 
 10
 The administrative law judge's determination is also supported by the fact that Turner's treatment was minimal and his work activities were not restricted by his physicians. Turner's treatment primarily consisted of taking various medications that controlled his various conditions. Turner testified that the nitroglycerin alleviated his chest pain and the November 1985 medical report stated that he was doing well on his medications. The only restrictions placed on Turner's work activities were temporary in nature and did not prevent him from working the required 12 month period.
 
 
 11
 Finally, at the hearing of August 16, 1986, Turner testified that he could take care of himself, make his own bed, cook for himself, and occasionally cut the grass, that he teaches Bible school each summer and that he still is able to operate an automobile. In light of this evidence, the administrative law judge properly concluded that Turner could perform a full range of light work.
 
 
 12
 Furthermore, the Secretary correctly determined that Turner could still perform a significant number of light jobs in the regional economy. The vocational expert testified that Turner acquired skills that are transferable to light work in welding. In response to a hypothetical that assumed that Turner had chest pain of non-cardiac origin, discomfort in his lower extremities, no evidence of fatigue, a remote history of alcohol abuse, no pulmonary pathology, and could perform light jobs, the vocational expert identified 4,500 light welding positions in the State of Michigan that Turner could perform despite these limitations. Upon cross-examination by Turner's counsel, the vocational expert also testified that Turner's work experience and knowledge of the essentials of welding would allow him to meet the demand of a new light welding position without significant readjustment.
 
 
 13
 Finally, the administrative law judge correctly relied on the grid to direct the conclusion of not disabled. The administrative law judge found that Turner was 58 years old (of advanced age). See 20 C.F.R. Sec. 416.963(d) (1988). Turner had a sixth grade (marginal) education. See 20 C.F.R. Sec. 416.964 (1988). Turner also had past work experience that was skilled or semi-skilled. See 20 C.F.R. Sec. 416.968(c)-(d) (1988). When these individual factors are applied to the grid, Turner meets each component of 20 C.F.R. Part 404, Subpart P, Appendix II, Rule 202.03. Since each component is specifically met, the grid directs a conclusion of not disabled. Thus, both the grid and the vocational expert's testimony fully support the administrative law judge's ultimate disability determination of no disability within the meaning of the Social Security Act.
 
 
 14
 For these reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.